UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIEN GIBERT PAUMIER (A# 244-076-052),<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-06723 DJC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

## I. Factual and Procedural History

Petitioner is a citizen and national of Cuba who is currently in the custody of Immigration and Customs Enforcement ("ICE"). In Petitioner's first immigration habeas action in this Court, Paumier v. U.S Gen. Attorney, No. 1:26-CV-04282-DJC-SCR, 2026 WL 1804177 (E.D. Cal. June 23, 2026) ("Paumier I"), District Judge Calabretta granted the petition on its procedural due process claim (Count One) and ordered Respondent to provide Petitioner with a constitutionally adequate bond hearing before an immigration judge ("IJ"). The order read in relevant part:

> Within fourteen (14) days of this Order, Respondents shall afford Petitioner Darien Gibert Paumier a constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of establishing, by clear and

> convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present. If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

Paumier I, 2026 WL 1804177, *1.

An IJ convened the court-ordered bond hearing on July 7, 2026. The IJ denied bond, writing:

> The Government met its burden of establishing, by clear and convincing evidence, that Respondent poses a danger to the community or risk of flight[.] Here, Respondent has been convicted on July 9, 2025, of DUI with damage. In 2025, according to Respondent's testimony he failed to appear for a court hearing before the criminal court. On April 23, 2026, was arrested for driving with a suspended license, having an altered license and possession of drug paraphernalia, to which Respondent testified was a pipe.
>
> The Court finds that such a criminal history negatively impacts Respondent's applications for relief and make him a flight risk.

Paumier I, ECF No. 10-1 at 1.

Petitioner initiated this second habeas action ("Paumier II") on August 24, 2026, on a form challenging ongoing, prolonged detention without bond. ECF No. 1. Respondent filed a motion to dismiss the action as duplicative of Paumier I. ECF No. 10. The undersigned instead liberally construed the petition as requesting judicial review of the bond hearing ordered in Paumier I, appointed counsel, and granted Petitioner leave to file an amended petition. ECF No. 11. Petitioner, through appointed counsel, timely filed an amended petition styled as a "renewed motion to enforce," alleging that Respondent failed to provide adequate notice of the bond hearing. ECF No. 18. Respondent did not file a responsive pleading in the time provided, which the undersigned will construe as an indication that they stand on the original motion to dismiss. The matter is now fully briefed.

## II. Legal Standards

### A. Constitutional Challenges to Bond Denials

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve

"reweigh[ing] evidence[,]" but rather determining whether the IJ "applied the correct legal standard." Id. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-cv-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

## III. Analysis

### A. Motion to Dismiss

The undersigned first addresses Respondent's motion to dismiss. Respondent seeks dismissal of the petition as duplicative of Paumier I pursuant to its "general power to administer its docket." ECF No. 10 at 2. Petitioner, through counsel, counters that the instant petition challenges "whether that bond hearing was constitutionally adequate in light of this Court's order," which is a claim "separate and distinct from those in Paumier I." ECF No. 14.

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007)). However, as noted in the order appointing counsel, the undersigned liberally construes this petition as seeking to enforce the Paumier I judgment. This is evident in the handwritten portion of the otherwise form petition where Petitioner acknowledges Judge Calabretta's order and asserts that he is "not a flight risk nor a harm for community." ECF No. 1 at 6. Therefore, the claim presented here is not duplicative of those presented in Paumier I.

Respondent further argues that the petition is procedurally improper because a motion to enforce judgment "could have been and still can be raised in Paumier I." ECF No. 10 at 3. While the Court would have jurisdiction to review Petitioner's arguments in a post-judgment motion to enforce filed in Paumier I, see Hook v. State of Arizona, Department of Corrections, 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments[.]"), courts routinely entertain challenges to court-ordered bond hearings filed as new petitions. See Hinostroza Velasquez v. Warden, California City Correctional Center, et al., No. 1:26-CV-03246-

DJC-SCR, 2026 WL 1622903, at *2 (E.D. Cal. June 5, 2026); Ji v. Warden, No. 1:26-CV-03442 DJC SCR, 2026 WL 1733618, at *1 (E.D. Cal. June 16, 2026), report and recommendation adopted, No. 1:26-CV-03442 DJC SCR, 2026 WL 1852290 (E.D. Cal. June 26, 2026). Accordingly, the undersigned recommends that Respondent's motion to dismiss be denied.[1]

**B. Bond Hearing**

Petitioner argues that he did not receive adequate notice of the bond hearing. ECF No. 18 at 6. He alleges that he was in immigration court on July 6, 2026, for his removal proceedings, and that the IJ held the bond hearing immediately after those proceedings concluded. Because he was not aware that the IJ would convene the bond hearing that day, he did not hire an attorney, prepare or present evidence, or consider arguments to make. Declaration of Darien Gibert Paumier ¶¶ 5-6, ECF No. 18-1 at 2 ("Paumier Decl.").

Petitioner asserts the lack of notice justifies relief and points the Court to Ortiz-Chavez v. Chestnut, No. 1:26-CV-01182-JLT-SAB, 2026 WL 1759592 (E.D. Cal. June 18, 2026), for support. In Ortiz-Chavez, the court order stated that if "counsel has filed an appearance in the immigration proceedings, Respondents must ensure that counsel receives at least 72 hours-notice of the scheduled hearing." Ortiz-Chavez v. Chestnut, No. 1:26-CV-01182-JLT-SAB, 2026 WL 1759592, at *1. District Judge Thurston granted the petitioner's motion to enforce and ordered another hearing because, "due to an inadvertent communication failure by EOIR staff, Respondents violated this Court's order by failing to provide at least 72-hours' notice of the scheduled hearing to counsel who filed an appearance in the immigration proceedings." Id. at *2.

Ortiz-Chavez is not directly on-point given that Petitioner does not claim that he had retained counsel to whom Respondent failed to provide advance notification of the bond hearing. However, Petitioner's more general assertion that he lacked adequate notice to hire counsel and prepare is persuasive. Indeed, several judges in this Circuit, including the assigned District

[1] Although Respondent does not raise any administrative exhaustion defense, Judge Calabretta has rejected arguments that motions to enforce be dismissed on exhaustion grounds. See, e.g., Kumar v. Noem, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026) (waiving exhaustion where respondents' alleged failure to apply burden expressed in court order "is an issue appropriately addressed by a motion to enforce the Court's order").

Judge, have found that a lack of notice of the immigration hearing violates due process and relevant regulations. See Muzahir v. Chestnut, No. 1:26-CV-02246-DJC-CSK, 2026 WL 1283414, at *1 (E.D. Cal. May 11, 2026); Romualdo P.M. v. U.S. Att'y. Gen., No. 1:26-cv-02882-RLP, 2026 WL 2906860 (E.D. Cal. Sep. 28, 2026) (finding the respondents' failure to provide notice of the bond hearing violated procedural due process and granting motion to enforce); Vizcaino v. Warden, California City Det. Facility, No. 2:26-CV-01051 DJC CSK, 2026 WL 3034265, at *3 (E.D. Cal. Oct. 9, 2026) (finding same where Respondent's contention that Petitioner received one-days' notice of the hearing was not supported by the record), report and recommendation adopted, No. 2:26-CV-01051 DJC CSK, 2026 WL 3138755 (E.D. Cal. Oct. 20, 2026).

Muzahir is on point. There, the petitioner received no advance notice of his court-ordered bond hearing and was "working at the detention center kitchen when he was told to immediately go attend the bond hearing over video call." Muzahir, 2026 WL 1283414, at *1. At the hearing, neither the respondents nor the IJ informed Petitioner that the Court's order dictated he was permitted to have counsel present. Id. Judge Calabretta held that "[b]y failing to provide adequate notice, Respondents did not give Petitioner any opportunity to identify and contact counsel to represent him at the bond hearing," and added that the "Court's prior order did not provide Petitioner with the required notice as Petitioner is pro se and may not yet have received the mailed notice of the order." Id.

Here, Petitioner similarly maintains that he did not receive advance notice of the hearing. Paumier Decl. ¶¶ 5-6. Respondent did not address Petitioner's notice arguments. However, to ensure a proper review of the record, the undersigned combed Respondent's filings for a notice of hearing or other potentially relevant notices. Their filings include only a "Submission of Evidence for Bond Hearing" and a proof service indicating DHS counsel served it on Petitioner "by personal service via custodial officers" on June 30, 2026. ECF No. 16 at 20. The undersigned is not persuaded that this document constitutes advance notice of the hearing given it is in English and lacks confirmation of actual delivery by the third-party custodial officers. See 8 C.F.R. § 1001.1(ee) ("The term service means physically presenting . . . a document to the

appropriate party or parties"). The undersigned also agrees with Judge Calabretta's reasoning in Muzahir that the Court cannot presume his court order provided advance notice given Petitioner's pro se status and potential mail delays. Finally, while the court order stated that Petitioner "shall be allowed to have counsel present," neither the IJ nor DHS counsel informed Petitioner of this right. The audio shows that the IJ asked Petitioner if he wished to "proceed with the bond hearing today," ECF No. 17 at 04:37, but did not address his willingness to proceed pro se.

For all these reasons, the undersigned finds this case indistinguishable from Muzahir and recommends the motion to enforce be granted. "Respondents' actions deprived Petitioner of any meaningful opportunity to secure representation and thus Respondents failed to comply with this Court's prior order." Muzahir, 2026 WL 1283414, at *1 (E.D. Cal. May 11, 2026). The sponsor and other evidence that Petitioner submitted here demonstrates that an attorney likely "could have 'presented better evidence' and would have understood the legal significance of the questions asked by the Immigration Judge."[2] Izarraraz v. Warden, No. 1:25-CV-01774-DJC-DMC, 2026 WL 2428018, at *3 (E.D. Cal. Aug. 19, 2026) (citing Hernandez-Gil v. Gonzales, 476 F.3d 803, 809 (9th Cir. 2007)).

Petitioner urges the Court to order his immediate release. ECF No. 18 at 7-8. However, consistent with orders granting motions to enforce for inadequate notice, he undersigned finds that the appropriate remedy is a second, constitutionally adequate bond hearing. See Muzahir, 2026 WL 1283414, at *1; Romualdo P. M., 2026 WL 2906860, at *2.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus, styled as a motion to force (ECF No. 18) be GRANTED.

2. Respondents be ORDERED to provide Petitioner with a constitutionally adequate bond hearing before an Immigration Judge within fourteen (14) days of this order. At this hearing,

[2] Petitioner submitted a voluminous "Sponsor Packet" with his motion. ECF No. 18-2. The undersigned has not considered this evidence but merely cites it as an example of materials Petitioner could have presented at hearing with more time to prepare.

the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. Hernandez v. Sessions, 872 F.3d 976, 1000 (9th Cir. 2017).

3. Respondents must provide Petitioner and Petitioner's counsel (if any) with at least seven (7) days' notice of the date, time, and place of the bond hearing. Respondents must also inform Petitioner that he is permitted to have counsel present at the bond hearing. If the parties are unable to provide Petitioner with a bond hearing within fourteen days in accordance with this order, they may jointly request a modification of this schedule.

4. Respondent's motion to dismiss (ECF No. 10) be DENIED.

5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE